# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:
Keyon D. Harper

Debtor(s)

Case No. 21-30549-KRH
Chapter 13

## Summary of the Proposed Loan Modification

|  | Original Loan | Modified Loan |
|---|---|---|
| Principal Amount | $ 184,594.00 | $168,630.32 |
| Interest Rate | 4.125 | 3.75 |
| Term or Maturity Date | 04/01/2047 | 03/01/2052 |
| Monthly Payment | $1404.74 | $1160.69 |

☐ 2. The modified loan includes future payment changes or balloon payments. The terms of any such future payment changes or balloon payments are:

☐ 3. The modification results in a higher monthly payment. The source(s) of the funds used to make that payment is/are:

☑ 4. The modification results in a lower monthly payment. Choose one of the following:
 ☐ a. The amount of future plan payments will be increased.
 ☑ b. The amount of future plan payments will not be increased.

...

**Nations Direct Mortgage LLC**
1 Corporate Drive  Ste 360
Lake Zurich, IL  600478945

2/14/2022

KEYON D HARPER
3710 COLONNADE DR
SOUTH CHESTERFIELD, VA  23834


RE:   1443820368
      3710 COLONNADE DR
      SOUTH CHESTERFIELD, VA  23834
      **Original Document Transmittal**

Dear Homeowner,

You have advised us that you are ready to resume making your regular mortgage payments.  Attached are two copies of the Subordinate Note and Mortgage or Deed of Trust.  One copy is for you to retain for your records, and the second must be signed, dated and returned to the below address.  NOTE:  Some states or other jurisdictions require a notary to witness your signature.  If that is the case, you will see a notary section beneath your signature lines.  Please be sure to arrange for that service, which can be performed at most bank branches.

You must return these documents within 30 days from the date of this letter or this offer of reinstatement through this option will be withdrawn.  Once the documents have been properly signed and dated, please return to (envelope provided):    Mail: DMI-Mortgage Servicing
                                        717 N. Harwood, Suite 1600
                                        Dallas TX 75201

Please sign your name exactly as it appears on the document.

Once received, your loan account will be updated, and you will begin making monthly mortgage payments on Apr 1, 2022.  Your new monthly mortgage payment will be $1,246.95. If you feel you cannot afford this payment, there MAY be other options available to assist you.  Please call 1-866-397-5370 for more information.  Otherwise, please execute and return the documents as soon as possible.

Please do not hesitate to contact us at 1-866-397-5370.


NOTE: If you are exploring refinance options with us or another lender and will be requesting a payoff statement as part of that process please be aware of the processing time for the Partial Claim to be filed and paid before that amount can be accurately reflected on a payoff statement. Requesting a payoff statement too soon after returning your Partial Claim document will result in an accurate payoff statement being issued to

you but if the processing of the Partial Claim has not been completed that statement will lack the partial claim amount and therefore will not reflect your loan as 'Current'.

Sincerely,

Assistance Options
On behalf of
Nations Direct Mortgage LLC

Attached: legal documents

THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT THE DEBT FROM YOU PERSONALLY.

**Modified Mortgage Payment Confirmation Form**

I confirm that I am able to afford the modified mortgage payments.

_____
Borrower's Signature

_____
Borrower's Name (Printed)

_____
Date

_____
Co-Borrower's Signature

_____
Co-Borrower's Name (Printed)

_____
Date

**Modified Mortgage Payment Confirmation Form (COPY FOR RECORDS)**

I confirm that I am able to afford the modified mortgage payments.

_____

Borrower's Signature


_____

Borrower's Name (Printed)


_____

Date


_____

Co-Borrower's Signature


_____

Co-Borrower's Name (Printed)


_____

Date

# INSTRUCTIONS TO COMPLETE AND RETURN PACKAGE

1. If the second page of the cover letter includes signature lines for you, sign and date the second page of the cover letter to indicate your intent to proceed with this offer of reinstatement.

2. Sign and date the Compliance Agreement.

3. [Modifications] Sign the modification agreement in the presence of a notary, who will complete the notary acknowledgment. **You may be able to obtain notary assistance, perhaps without charge, at your local bank location. If two or more people will be signing at different locations or at different times, we will need to send you a different package to reflect that. You can contact us at (616) 570-0199 or (800) 669-4268.**

   [Partial Claims] Initial each page and sign the Promissory Note. Sign the partial claim mortgage/deed of trust in the presence of a notary, who will complete the notary acknowledgment. **You may be able to obtain notary assistance, perhaps without charge, at your local bank location. If two or more people will be signing at different locations or at different times, we will need to send you a different package to reflect that. You can contact us at (616) 570-0199 or (800) 669-4268.**

4. [Witnesses]

   [Connecticut, South Carolina] Have two people sign as witnesses for your signature, and print their names below the witness signature lines. **One of the witnesses may also be the notary.**

   [Georgia] Have two people sign as witnesses for your signature, and print their names below the witness signature lines. **One of the witnesses MUST be the notary.**

   [Louisiana] Have two people sign as witnesses for your signature, and print their names below the witness signature lines. **The notary may NOT be one of the witnesses.**

5. Check the completed package to be sure that you have not missed a blank line for a signature or date, or a blank in the notary acknowledgment. **Do NOT return packages with borrower or witness signature, date or notary acknowledgment blanks.**

6. Keep one set of the documents in #3 above.

7. **Return the other set of documents in #3 above, along with the signed cover letter and Compliance Agreement,** to the return address in the cover letter using the envelope provided. You can contact us at (616) 570-0199 or (800) 669-4268 with any questions related to completing and returning these documents.

   <u>What to return fully-signed:</u>

   Cover Letter
   Compliance Agreement
   [Modification] Modification Agreement (keep one original)
   [Partial Claim] Promissory Note (keep one original)
   Partial Claim Mortgage/Deed of Trust (keep one original)

8. If the property is located in Prince Georges County, Maryland, and the "Prince George's Finance Affidavit" is included in the package, please make sure you complete the following on the document:

   For the question:
   "DO YOU OWN ANY OTHER PROPERTIES? Y/N" please circle either Y or N based on the answer.
   ALWAYS put your Initials in the space provided for item B1.

Loan No: 1443820368
Borrower: KEYON D HARPER

## COMPLIANCE AGREEMENT

In consideration of NATIONS DIRECT MORTGAGE, LLC D/B/A MOTIVE LENDING ("Lender") modifying the first lien mortgage loan (the "Loan"), in connection with the property located at 3710 COLONNADE DR, SOUTH CHESTERFIELD, VA 23834 (the "Modification"), the undersigned ("Borrower") agrees, upon request of Lender, its successors or assigns ("Note Holder"), or upon request of any person acting on behalf of Note Holder, to fully cooperate with Note Holder or such person to correct any inaccurate term or provision of, mistake in, or omission from any document associated with the Modification. Borrower further agrees to execute such documents or take such action as Note Holder or such person acting on behalf of Note Holder reasonably may deem necessary (including without limitation the correction of any such inaccuracy, mistake, or omission) as will enable Note Holder to sell, convey, seek guaranty of, or market the Modification to any entity, including without limitation an investor, the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs, or any bonding authority.

Borrower further agrees to comply with any such request within a reasonable period of time as specified by Note Holder or by such person acting on behalf of Note Holder. Failure to comply shall constitute default under the Note and Security Instrument underlying the Modification, and Note Holder may pursue its available remedies.

BY SIGNING BELOW BORROWER ACKNOWLEDGES THAT BORROWER FULLY UNDERSTANDS THIS COMPLIANCE AGREEMENT OR OTHERWISE HAS SOUGHT THE ADVICE OF COUNSEL.

Date: _____

_____
KEYON D HARPER —Borrower

Loan No: 1443820368                                                          Data ID: 434
Borrower: KEYON D HARPER

## PROMISSORY NOTE

February 14, 2022                                      FHA Case No. 544-1668701 703

3710 COLONNADE DR
SOUTH CHESTERFIELD, VA 23834
[Property Address]

1.  PARTIES

    "Borrower" means each person signing at the end of this Note, and the person's successors and assigns.
    "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and
    assigns.

2.  BORROWER'S PROMISE TO PAY

    In return for a loan received from Lender, Borrower promises to pay the principal sum of SEVEN
    THOUSAND ONE HUNDRED SEVENTY-EIGHT and 92/100 Dollars (U.S. $7,178.92), to the order of
    Lender.

3.  PROMISE TO PAY SECURED

    Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is
    dated the same date as this Note and called the "Security Instrument." The Security Instrument protects
    the Lender from losses, which might result if Borrower defaults under this Note.

4.  MANNER OF PAYMENT

    (A)  Time

        On April 1, 2047 or, if earlier, when the first of the following events occurs:

        (i)    Borrower has paid in full all amounts due under the primary Note and related mortgage, deed
               of trust or similar Security Instruments insured by the Secretary, or

        (ii)   The maturity date of the primary Note has been accelerated, or

        (iii)  The primary Note and related mortgage, deed of trust or similar Security Instrument are no
               longer insured by the Secretary, or

        (iv)   The property is not occupied by the purchaser as his or her principal residence.

    (B)  Place

        Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance
        Accounting and Servicing, 451 Seventh Street, SW, Washington DC 20410 or any such other place
        as Lender may designate in writing by notice to Borrower.

5.  BORROWER'S RIGHT TO PREPAY

    Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or
    penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the
    amount of the monthly payment unless Lender agrees in writing to those changes.

June 2015    *(Page 1 of 2 Pages)*

Loan No: 1443820368                                                                Data ID:  434

6.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor and waive the benefit of the homestead exemption as to the Property described in the Security Instrument. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

...........................................................................(Seal)
KEYON D HARPER —Borrower

*[Sign Original Only]*

**June 2015**  *(Page 2 of 2 Pages)*

Loan No: 1443820368
Borrower: KEYON D HARPER

Data ID: 434

Parcel Identifier Number: 795618539500000
Tax Map Reference Number:

Prepared by:
David R. Fontaine, Attorney at Law
Virginia State Bar #46514

Return to: DMI MORTGAGE SERVICING
717 N HARWOOD ST STE 1600
DALLAS, TX 75201-6526

——————————————— [Space Above This Line For Recording Data] ———————————————

FHA Case No.
544-1668701 703

# PARTIAL CLAIM DEED OF TRUST

The following information, as further defined below, is provided in accordance with Virginia law:

This Deed of Trust is given by KEYON D. HARPER, as Borrower (trustor), to LORI MILLS, whose address is 1602 BELLE VIEW BLVD #4105, ALEXANDRIA, VA 22307 ("Trustee") for the benefit of the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street SW, Washington, DC 20410 ("Lender").

THIS SUBORDINATE DEED OF TRUST ("Security Instrument") is given on February 14, 2022. The Mortgagor is KEYON D. HARPER, whose address is 3710 COLONNADE DR, SOUTH CHESTERFIELD, VA 23834 ("Borrower"). This Security Instrument is given to LORI MILLS, whose address is 1602 BELLE VIEW BLVD #4105, ALEXANDRIA, VA 22307 ("Trustee") for the benefit of the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of SEVEN THOUSAND ONE HUNDRED SEVENTY-EIGHT and 92/100 Dollars (U.S. $7,178.92). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **April 1, 2047.**

**THIS PARTIAL CLAIM DEED OF TRUST IS EXEMPT FROM THE LAWS IMPOSED BY VIRGINIA CODE SECTION 58.1-803 PURSUANT TO 308 U.S. 21 CITING THE SUPREMACY CLAUSE IN ARTICLE VI, PARAGRAPH 2 OF THE UNITED STATES CONSTITUTION.**

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale the following described property located in the COUNTY of CHESTERFIELD, Virginia;

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

Loan No: 1443820368

Data ID: 434

which has the address of 3710 COLONNADE DR,
[Street]

SOUTH CHESTERFIELD, VIRGINIA            23834            ("Property Address");
[City]                                  [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions also shall be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

Loan No: 1443820368                                                    Data ID: 434

4.  **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5.  **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6.  **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7.  **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice further shall inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender to the extent permitted by Applicable Law shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 7, including without limitation reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give to Borrower, the owner of the Property, and all other persons notice of sale as required by Applicable Law. Trustee shall give public notice of sale by advertising, in accordance with Applicable Law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which any part of the Property is located and by such additional or any different form of advertisement the Trustee deems advisable. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter but not later than 30 days following the last advertisement. Trustee without demand on Borrower shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with Applicable Law. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property with special warranty of title. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to discharge the expenses of executing the trust, including without limitation a reasonable commission to Trustee; (b) to discharge all taxes, levies, and assessments, with costs and interest if these costs have priority over the lien of this Security Instrument, including without limitation the due pro rata thereof for the current year; (c) to discharge in the order of their priority, if any, the remaining debts and obligations secured by this Security Instrument and any liens of record inferior to this Security Instrument under which sale is made, with lawful interest; and, (d) the residue of the proceeds shall be paid to Borrower or Borrower's assigns. Trustee shall not be required to take possession of the Property prior to the sale

Loan No: 1443820368

Data ID: 434

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

8.   **Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to release this Security Instrument and shall surrender all notes evidencing debt secured by this Security Instrument to Trustee.  Trustee shall release this Security Instrument.  Borrower shall pay any recordation costs.  Lender may charge Borrower a fee for releasing this Security Instrument but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by Applicable Law.

9.   **Substitute Trustee.**  Lender, at its option, may from time to time remove Trustee and appoint a successor Trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor Trustee shall succeed to all the title, power, and duties conferred upon Trustee herein and by Applicable Law.

Loan No: 1443820368

Data ID:  434

**NOTICE:  THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

..........................................................................(Seal)
KEYON D HARPER —Borrower

———————————————— [Space Below This Line For Acknowledgment] ————————————————

Commonwealth of                                 §
County of                                       §

The   foregoing   instrument   was   acknowledged   before   me   on   the   _____   day   of
_____, 20___, by

KEYON D HARPER

_____
                                                            Notary Public

_____
                                                            (Printed Name)

My commission expires the _____ day of _____, _____.

Notary Registration Number: _____

Loan No: 1443820368
Borrower: KEYON D HARPER

Data ID: 434

## LEGAL DESCRIPTION

Provide legal description here. Attach to the document to be recorded and file as one instrument.

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, LYING AND BEING IN CHESTERFIELD COUNTY, VIRGINIA, KNOWN AND DESIGNATED AS LOT 24, BLOCK B, SECTION A, COLONIAL PINE ESTATES, ON PLAT OF SURVEY RECORDED JANUARY 4, 1978, IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF CHESTERFIELD COUNTY, VIRGINIA, IN PLAT BOOK 30, PAGES 28, 29, 30, REFERENCE TO WHICH PLAT IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION.

PARCEL ID: 795618539500000

BACK DEED
GRANTOR: DENNIS D. PARMENTER
GRANTEE: DENNIS D. PARMENTER AND DIANE R. PARMENTER, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETIES
WITH THE
RIGHT OF SURVIVORSHIP AS AT COMMON LAW
BOOK/PAGE: 6403/288
DATED: 05/12/2005
RECORDED: 05/25/2005
VESTING: YES
CONSIDERATION AMOUNT: 1.00

BEING THE SAME PROPERTY AS TRANSFERRED BY WARRANTY DEED ON 08/06/2014 AND RECORDED 08/19/2014 FROM DENNIS D. PARMENTER AND DIANE R. PARMENTER, HUSBAND AND WIFE TO KATHRYN -JANE M. SANDOVAL AND RICHARD E. SANDOVAL, RECORDED IN BOOK 10627 AND PAGE 52

Loan No:  1443820368                                                      Data ID:  434
Borrower:  KEYON D HARPER

# PROMISSORY NOTE

February 14, 2022                                    FHA Case No.  544-1668701 703

3710 COLONNADE DR
SOUTH CHESTERFIELD, VA 23834
[Property Address]

1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2.  BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of SEVEN THOUSAND ONE HUNDRED SEVENTY-EIGHT and 92/100 Dollars (U.S. $7,178.92), to the order of Lender.

3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

4.  MANNER OF PAYMENT

(A)  Time

On April 1, 2047 or, if earlier, when the first of the following events occurs:

(i)  Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii)  The maturity date of the primary Note has been accelerated, or

(iii)  The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary, or

(iv)  The property is not occupied by the purchaser as his or her principal residence.

(B)  Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington DC  20410 or any such other place as Lender may designate in writing by notice to Borrower.

5.  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty.  If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

June 2015   *(Page 1 of 2 Pages)*

6.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor and waive the benefit of the homestead exemption as to the Property described in the Security Instrument.  "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

.............................................................................................(Seal)
KEYON D HARPER —Borrower

*[Sign Original Only]*

June 2015   *(Page 2 of 2 Pages)*

Loan No:   1443820368
Borrower:   KEYON D HARPER

Data ID:   434

Parcel Identifier Number: 795618539500000
Tax Map Reference Number:

Prepared by:
David R. Fontaine, Attorney at Law
Virginia State Bar #46514

Return to:   DMI MORTGAGE SERVICING
             717 N HARWOOD ST STE 1600
             DALLAS, TX 75201-6526

_____ [Space Above This Line For Recording Data] _____

FHA Case No.
544-1668701   703

# PARTIAL CLAIM DEED OF TRUST

The following information, as further defined below, is provided in accordance with Virginia law:

This Deed of Trust is given by KEYON D. HARPER, as Borrower (trustor), to LORI MILLS, whose address is 1602 BELLE VIEW BLVD #4105, ALEXANDRIA, VA 22307 ("Trustee") for the benefit of the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street SW, Washington, DC 20410 ("Lender").

THIS SUBORDINATE DEED OF TRUST ("Security Instrument") is given on February 14, 2022. The Mortgagor is KEYON D. HARPER, whose address is 3710 COLONNADE DR, SOUTH CHESTERFIELD, VA 23834 ("Borrower"). This Security Instrument is given to LORI MILLS, whose address is 1602 BELLE VIEW BLVD #4105, ALEXANDRIA, VA 22307 ("Trustee") for the benefit of the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of SEVEN THOUSAND ONE HUNDRED SEVENTY-EIGHT and 92/100 Dollars (U.S. $7,178.92). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **April 1, 2047.**

THIS PARTIAL CLAIM DEED OF TRUST IS EXEMPT FROM THE LAWS IMPOSED BY VIRGINIA CODE SECTION 58.1-803 PURSUANT TO 308 U.S. 21 CITING THE SUPREMACY CLAUSE IN ARTICLE VI, PARAGRAPH 2 OF THE UNITED STATES CONSTITUTION.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale the following described property located in the COUNTY of CHESTERFIELD, Virginia;

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

Loan No:  1443820368                                                Data ID:  434

which has the address of 3710 COLONNADE DR,
                                    [Street]
SOUTH CHESTERFIELD, VIRGINIA                    23834        ("Property Address");
[City]                                          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions also shall be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2.  **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.  **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

Loan No: 1443820368                                                    Data ID: 434

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice further shall inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender to the extent permitted by Applicable Law shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 7, including without limitation reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give to Borrower, the owner of the Property, and all other persons notice of sale as required by Applicable Law. Trustee shall give public notice of sale by advertising, in accordance with Applicable Law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which any part of the Property is located and by such additional or any different form of advertisement the Trustee deems advisable. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter but not later than 30 days following the last advertisement. Trustee without demand on Borrower shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with Applicable Law. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property with special warranty of title. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to discharge the expenses of executing the trust, including without limitation a reasonable commission to Trustee; (b) to discharge all taxes, levies, and assessments, with costs and interest if these costs have priority over the lien of this Security Instrument, including without limitation the due pro rata thereof for the current year; (c) to discharge in the order of their priority, if any, the remaining debts and obligations secured by this Security Instrument and any liens of record inferior to this Security Instrument under which sale is made, with lawful interest; and, (d) the residue of the proceeds shall be paid to Borrower or Borrower's assigns. Trustee shall not be required to take possession of the Property prior to the sale

Loan No:  1443820368                                                          Data ID:  434

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act.  Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

8.    **Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to release this Security Instrument and shall surrender all notes evidencing debt secured by this Security Instrument to Trustee.  Trustee shall release this Security Instrument.  Borrower shall pay any recordation costs.  Lender may charge Borrower a fee for releasing this Security Instrument but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted by Applicable Law.

9.    **Substitute Trustee.**  Lender, at its option, may from time to time remove Trustee and appoint a successor Trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor Trustee shall succeed to all the title, power, and duties conferred upon Trustee herein and by Applicable Law.

Loan No:  1443820368

Data ID:  434

**NOTICE:  THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

.............................................................................(Seal)
KEYON D HARPER —Borrower

———————————— [Space Below This Line For Acknowledgment] ————————————

Commonwealth of                                        §
County of                                                     §

The  foregoing  instrument  was  acknowledged  before  me  on  the  _____  day  of  _____, 20____, by

KEYON D HARPER

_____
                                                                    Notary Public

_____
                                                                  (Printed Name)

My commission expires the _____ day of _____, _____.

Notary Registration Number: _____

Loan No: 1443820368
Borrower: KEYON D HARPER

Data ID: 434

# LEGAL DESCRIPTION

Provide legal description here. Attach to the document to be recorded and file as one instrument.

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, LYING AND BEING IN CHESTERFIELD COUNTY, VIRGINIA, KNOWN AND DESIGNATED AS LOT 24, BLOCK B, SECTION A, COLONIAL PINE ESTATES, ON PLAT OF SURVEY RECORDED JANUARY 4, 1978, IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF CHESTERFIELD COUNTY, VIRGINIA, IN PLAT BOOK 30, PAGES 28, 29, 30, REFERENCE TO WHICH PLAT IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION.

PARCEL ID: 795618539500000

BACK DEED
GRANTOR: DENNIS D. PARMENTER
GRANTEE: DENNIS D. PARMENTER AND DIANE R. PARMENTER, HUSBAND AND WIFE, AS TENANTS BY THE ENTIRETIES
WITH THE
RIGHT OF SURVIVORSHIP AS AT COMMON LAW
BOOK/PAGE: 6403/288
DATED: 05/12/2005
RECORDED: 05/25/2005
VESTING: YES
CONSIDERATION AMOUNT: 1.00

BEING THE SAME PROPERTY AS TRANSFERRED BY WARRANTY DEED ON 08/06/2014 AND RECORDED 08/19/2014 FROM DENNIS D. PARMENTER AND DIANE R. PARMENTER, HUSBAND AND WIFE TO KATHRYN -JANE M. SANDOVAL AND RICHARD E. SANDOVAL, RECORDED IN BOOK 10627 AND PAGE 52

# Disaster/PDMDA Report

**Name:** KEYON D HARPER

**Addr:** 3710 COLONNADE DR
SOUTH CHESTERFIELD, VA 23834

| | |
|---|---|
| Loan No.: | 1443820368 |
| Insurer: | FHA |
| Investor: | GNMA |

| | |
|---|---|
| Review Date: | 01/24/2022 |
| Reviewer: | MasterHelp3 |

## Original Loan Information

| | |
|---|---|
| Orig. Principal: | $184,594.00 |
| Closing Date: | 03/29/2017 |
| Maturity Date: | 04/01/2047 |
| Interest Rate: | 4.125% |
| P&I Payment: | $894.63 |
| T&I Payment: | $510.11 |
| Total Payment: | $1,404.74 |

## Default Information

| | |
|---|---|
| Unpaid Principal Balance: | $168,630.32 |
| Escrow Balance: | $598.58 |
| Last Paid Installment: | 11/01/2021 |
| Remaining Term: | 305 |
| # Months Delinquent: | 3 |
| Total Due w/LC: | $5,618.96 |
| Total Due w/o LC: | $5,618.96 |

## Date Calculator

| | |
|---|---|
| Month Delay Start: | 1 |
| Mod Effective Delay: | 1 |
| # of Trial Payments: | 0 |
| Workout Effective Date: | 04/01/2022 |

## Disaster Information

| | | | |
|---|---|---|---|
| Name: | COVID-19 | Property in PDMDA: | YES |
| Date: | 03/13/2020 | Job in PDMDA: | YES |
| | | Disaster Forb Issued: | YES |
| | | Current prior to Disaster: | YES |

| | |
|---|---|
| Rec'd Income Confirmation: | N/A |
| Borr can resume regular pmt: | YES |

## Loan Modification Analysis

### Posting Trial Payments

| | |
|---|---|
| Trial Payment Amount: | $0.00 |

| | |
|---|---|
| Funds in Suspense: | $0.00 |
| Contractual Payments Posted: | 0 |

| Pmt # | Date | Apply | Amount | Suspense Balance | Apply | Amount | Comments |
|---|---|---|---|---|---|---|---|
| No Data | | | | | | | |

| | | | |
|---|---|---|---|
| Final Balance | $0.00 | Mos Delq after TPP | 4 |

### Term Adjustments

## Interest Rate

| | |
|---|---|
| FHLMC 30 Year Rate: | 3.690% |
| Client Rate Override: | 0.000% |
| Modification Rate: | 3.750% |

## Remaining Term

| | |
|---|---|
| Current Remaining Term: | 305 |
| Proposed Remaining Term: | 360 |
| Optional Remaining Term: | 0 |
| Modification Term: | 360 |

## Escrow Analysis

| | |
|---|---|
| Escrow Shortage (Mod): | $2,450.40 |
| New T&I (with Mod): | $352.32 |

### Capitalization And Term Calculations

## Principal

| | |
|---|---|
| Post Trial UPB: | $168,630.32 |
| *Capitalizations:* | |
| Interest: | $2,318.67 |
| Escrow Shortage: | $2,450.40 |
| Legal Fees/Costs: | $1,150.00 |
| *Reductions:* | |
| Escrow Overage: | $0.00 |
| Suspense Funds: | $0.00 |
| Net Capitalization: | $5,919.07 |
| Modified UPB: | $174,549.39 |

## New Terms

| | |
|---|---|
| Effective Date: | 4/1/2022 |
| New Maturity Date: | 3/1/2052 |
| New Remain Term: | 360 |
| New Interest Rate: | 3.750% |

## New Payment

| | |
|---|---|
| New P&I: | $808.37 |
| New T&I-Escrow Analysis: | $352.32 |
| New Total Payment: | $1,160.69 |
| P & I Change: | -$86.26 |

**Partial Claim Must Be Evaluated**

2/11/2022 9:12:42 PM  WfiID: 0085494

## Partial Claim Only Analysis

| | | | | |
|---|---|---|---|---|
| Maximum Lifetime PC: | $43,405.13 | Arrears: | $5,618.96 | Effective Date | 4/1/2022 |
| Less Previous PCs: | $14,353.18 | Plus Escrow Shortage: | $409.96 | Current P&I | $894.63 |
| Net Available: | $29,051.95 | Legal Fees/Costs: | $1,150.00 | New T&I | $352.32 |
| # Months Delinquent: | 4 | Less Trial Pymts & Susp: | $0.00 | New Total Pmt | $1,246.95 |
| | | Total Reinstatement: | $7,178.92 | | |

**Partial Claim May be Processed**

## Recovery Modification Analysis

| Modified Principal | | Target Reduction | | New Terms | |
|---|---|---|---|---|---|
| Post Trial UPB: | | Target P&I: | | Effective Date: | |
| *Capitalizations:* | | Target UPB: | | New Maturity Date: | |
| Interest: | | *Achieving 25% P&I Reduction* | | New Remaining Term: | |
| Escrow Shortage: | | | | New Interest Rate: | |
| Legal Fees/Costs: | | Modified UPB: | | New P&I: | |
| *Reductions:* | | Difference: | | New T&I-Escrow Analysis: | |
| Escrow Overage: | | | | New Total Payment: | |
| Suspense: | $0.00 | Maximum Claim Amount: | $29,051.95 | % P&I Change: | |
| Net Capitalization: | | | | P&I Change: | |
| Less PC for Arrears: | | New Modified UPB: | | | |
| Post PC Capitalization: | | | | **Claim Information** | |
| Modified UPB: | | | | Total Claim Amount: | $29,051.95 |

## Summary Of Approved Option

**Stand Alone Partial Claim is Approved**

## Estimated - Escrow Account History and Analysis - Disaster/PDMDA

| | | |
|---|---|---|
| Loan No.: | 1443820368 | Review Date: 01/24/2022   Reviewer: MasterHelp3 |
| Name: | KEYON D HARPER | |

### Annual Disbursements

| Item | Payment Type | Annual Amount | Period Pmt | Due Date |
|---|---|---|---|---|
| County Taxes: | Annual | $1,017.20 | $1,017.20 | 05/01/2022 |
| County Taxes: | | | | |
| FHA-MIP or PMI: | Monthly | $1,414.68 | $117.89 | 03/01/2022 |
| Hazard Ins: | Annual | $1,796.00 | $1,796.00 | 03/01/2022 |
| Ground Rent: | | | | |
| Other: | | | | |
| Other: | | | | |
| Other: | | | | |

| | |
|---|---|
| # Month(s) Cushion: | 2 |
| Total Disbursements: | $4,227.88 |
| Monthly Deposit Required: | $352.32 (1/12 total disbursements) |
| Target Balance at Low Point: | $468.86 (2 monthly deposits, less monthly) |

### Annual Disbursements

| | | | |
|---|---|---|---|
| FPI: | $894.63 | LPI: | 11/01/2021 |
| Esc. Pmt.: | $510.11 | # Mos. Delq.: | 3 |
| Tot. Pmt: | $1,404.74 | Post TPP: | 4 months |

| | | | |
|---|---|---|---|
| Number of Trial Payments: | | | 0 months |
| Mo. Delay - Start of Plan: | | 1 | 03/01/2022 |
| Mo. Delay - after Plan: | | 1 | |
| Effective Date of Modification: | | | 04/01/2022 |
| Spread Shortage: | | | 0 months |
| Use Overage to Offset Capitalization: | | | NO |

### Calculation of Projected Starting Balance - Loan Modification

| | |
|---|---|
| Trial Payment Amount | $0.00 |
| Escrow Balance: | $598.58 |

| | | |
|---|---|---|
| Disbursement: | $0.00 | |
| Disbursement: | $0.00 | |
| Disbursement: | -$235.78 | MIP or PMI paid prior to end of TPP |
| Disbursement: | -$1,798.00 | Hazard Insurance paid prior to end of TPP |
| Disbursement: | $0.00 | |
| Disbursement: | $0.00 | |
| Disbursement: | $0.00 | |
| Disbursement: | $0.00 | |
| Past Due Disb.: | $0.00 | |

| | |
|---|---|
| Out Of Pocket: | $0.00 |
| Escrow Pmt: | $0.00 |

| | |
|---|---|
| -$1,433.20 | Projected Starting Balance: |

### Calculation of Projected Starting Balance - Partial Claim

| | |
|---|---|
| Trial Payment Amount | $0.00 |
| Escrow Balance: | $598.58 |

| | | |
|---|---|---|
| Disbursement: | $0.00 | |
| Disbursement: | $0.00 | |
| Disbursement: | -$235.78 | MIP or PMI paid prior to end of TPP |
| Disbursement: | -$1,796.00 | Hazard Insurance paid prior to end of TPP |
| Disbursement: | $0.00 | |
| Disbursement: | $0.00 | |
| Disbursement: | $0.00 | |
| Disbursement: | $0.00 | |
| Past Due Disb.: | $0.00 | |

| | | |
|---|---|---|
| Out of Pocket: | $0.00 | |
| Escrow Pmt: | $0.00 | |
| Partial Claim: | $2,040.44 | Total escrow pmts included in full partial claim. |

| | |
|---|---|
| $607.24 | Projected Starting Balance |

### Escrow Acct. Projections for Coming Year - Loan Modification

| | | Borrower | Disbursements | |
|---|---|---|---|---|
| Calculated Projected Balance | 03/31/2022 | | | -1,433.20 |
| 1st Pmt | Apr 22 | $352.32 | -117.89 | -1,198.77 |
| | May 22 | $352.32 | -1,135.09 | -1,981.54 |
| | Jun 22 | $352.32 | -117.89 | -1,747.11 |
| | Jul 22 | $352.32 | -117.89 | -1,512.68 |
| | Aug 22 | $352.32 | -117.89 | -1,278.25 |
| | Sep 22 | $352.32 | -117.89 | -1,043.82 |
| | Oct 22 | $352.32 | -117.89 | -809.39 |
| | Nov 22 | $352.32 | -117.89 | -574.96 |
| | Dec 22 | $352.32 | -117.89 | -340.53 |
| | Jan 23 | $352.32 | -117.89 | -106.10 |
| | Feb 23 | $352.32 | -117.89 | 128.33 |
| | Mar 23 | $352.32 | -1,913.89 | -1,433.24 |

| | | |
|---|---|---|
| Escrow Balance Low Point in: | May 22 | -$1,981.54 |
| Target Balance at Low Point: | | $468.86 |
| Escrow Shortage/Overage: | | -$2,450.40 |

### Escrow Acct. Projections for Coming Year - Partial Claim

| | | Borrower | Disbursements | |
|---|---|---|---|---|
| Calculated Projected Balance | 03/31/2022 | | | $607.24 |
| 1st Pmt | Apr 22 | $352.32 | -117.89 | $841.67 |
| | May 22 | $352.32 | -1,135.09 | $58.90 |
| | Jun 22 | $352.32 | -117.89 | $293.33 |
| | Jul 22 | $352.32 | -117.89 | $527.76 |
| | Aug 22 | $352.32 | -117.89 | $762.19 |
| | Sep 22 | $352.32 | -117.89 | $996.62 |
| | Oct 22 | $352.32 | -117.89 | $1,231.05 |
| | Nov 22 | $352.32 | -117.89 | $1,465.48 |
| | Dec 22 | $352.32 | -117.89 | $1,699.91 |
| | Jan 23 | $352.32 | -117.89 | $1,934.34 |
| | Feb 23 | $352.32 | -117.89 | $2,168.77 |
| | Mar 23 | $352.32 | -1,913.89 | $607.20 |

| | | |
|---|---|---|
| Escrow Balance Low Point in: | May 22 | $58.90 |
| Target Balance at Low Point: | | $468.86 |
| Escrow Shortage/Overage: | | -$409.96 |

### Calculation of Shortage / Surplus & New T&I

| | | |
|---|---|---|
| Principal and Interest | | $894.63 |
| Required Escrow: | | $352.32 |
| Shortage - Spread: | 0 months | $0.00 |
| NEW TOTAL PAYMENT: | | $1,246.95 |
| NEW Modification T&I: | | $352.32 |
| Capitalized Shortage: | | $2,450.40 |
| Shortage without TPP credit: | | $2,450.40 |

### Calculation of Shortage / Surplus & New T&I

| | | |
|---|---|---|
| Principal and Interest | | $894.63 |
| Required Escrow: | | $352.32 |
| Shortage - Spread: | 0 months | $0.00 |
| NEW TOTAL PAYMENT: | | $1,246.95 |
| NEW Modification T&I: | | $352.32 |
| Capitalized Shortage: | | $409.96 |

# Disaster/PDMDA Report

| | |
|---|---|
| Name: **KEYON D HARPER** | |
| Addr: **3710 COLONNADE DR** | |
| **SOUTH CHESTERFIELD, VA 23834** | |

| | |
|---|---|
| Loan No.: | 1443820368 |
| Insurer: | FHA |
| Investor: | GNMA |

| | |
|---|---|
| Review Date: | 01/24/2022 |
| Reviewer: | MasterHelp3 |

## Original Loan Information

| | |
|---|---|
| Orig. Principal: | $184,594.00 |
| Closing Date: | 03/29/2017 |
| Maturity Date: | 04/01/2047 |
| Interest Rate: | 4.125% |
| P&I Payment: | $894.63 |
| T&I Payment: | $510.11 |
| Total Payment: | $1,404.74 |

## Default Information

| | |
|---|---|
| Unpaid Principal Balance: | $168,630.32 |
| Escrow Balance: | $598.58 |
| Last Paid Installment: | 11/01/2021 |
| Remaining Term: | 305 |
| # Months Delinquent: | 3 |
| Total Due w/LC: | $5,618.96 |
| Total Due w/o LC: | $5,618.96 |

## Date Calculator

| | |
|---|---|
| Month Delay Start: | 1 |
| Mod Effective Delay: | 1 |
| # of Trial Payments: | 0 |
| Workout Effective Date: | 04/01/2022 |

## Disaster Information

| | |
|---|---|
| Name: | COVID-19 |
| Date: | 03/13/2020 |
| Property in PDMDA: | YES |
| Job in PDMDA: | YES |
| Disaster Forb Issued: | YES |
| Current prior to Disaster: | YES |
| Rec'd Income Confirmation: | N/A |
| Borr can resume regular pmt: | YES |

# Loan Modification Analysis

## Posting Trial Payments

| | |
|---|---|
| Trial Payment Amount: | $0.00 |
| Funds in Suspense: | $0.00 |
| Contractual Payments Posted: | 0 |

| Pmt # | Date | Apply | Amount | Suspense Balance | Apply | Amount | Comments |
|---|---|---|---|---|---|---|---|
| No Data | | | | | | | |

| | | | |
|---|---|---|---|
| Final Balance | $0.00 | Mos Delq after TPP | 4 |

## Term Adjustments

### Interest Rate

| | |
|---|---|
| FHLMC 30 Year Rate: | 3.690% |
| Client Rate Override: | 0.000% |
| Modification Rate: | 3.750% |

### Remaining Term

| | |
|---|---|
| Current Remaining Term: | 305 |
| Proposed Remaining Term: | 360 |
| Optional Remaining Term: | 0 |
| Modification Term: | 360 |

### Escrow Analysis

| | |
|---|---|
| Escrow Shortage (Mod): | $2,450.40 |
| New T&I (with Mod): | $352.32 |

## Capitalization And Term Calculations

### Principal

| | |
|---|---|
| Post Trial UPB: | $168,630.32 |
| *Capitalizations:* | |
| Interest: | $2,318.67 |
| Escrow Shortage: | $2,450.40 |
| Legal Fees/Costs: | $1,150.00 |
| *Reductions:* | |
| Escrow Overage: | $0.00 |
| Suspense Funds: | $0.00 |
| Net Capitalization: | $5,919.07 |
| Modified UPB: | $174,549.39 |

### New Terms

| | |
|---|---|
| Effective Date: | 4/1/2022 |
| New Maturity Date: | 3/1/2052 |
| New Remain Term: | 360 |
| New Interest Rate: | 3.750% |

### New Payment

| | |
|---|---|
| New P&I: | $808.37 |
| New T&I-Escrow Analysis: | $352.32 |
| New Total Payment: | $1,160.69 |
| P & I Change: | -$86.26 |

**Partial Claim Must Be Evaluated**

2/11/2022 9:12:42 PM WfcID: 0085494

## Partial Claim Only Analysis

| | | | | | |
|---|---|---|---|---|---|
| Maximum Lifetime PC: | $43,405.13 | Arrears: | $5,618.96 | Effective Date | 4/1/2022 |
| Less Previous PCs: | $14,353.18 | Plus Escrow Shortage: | $409.96 | Current P&I | $894.63 |
| Net Available: | $29,051.95 | Legal Fees/Costs: | $1,150.00 | New T&I | $352.32 |
| # Months Delinquent: | 4 | Less Trial Pymts & Susp: | $0.00 | New Total Pmt | $1,246.95 |
| | | Total Reinstatement: | $7,178.92 | | |

**Partial Claim May be Processed**

## Recovery Modification Analysis

| Modified Principal | | Target Reduction | | New Terms | |
|---|---|---|---|---|---|
| Post Trial UPB: | | Target P&I: | | Effective Date: | |
| *Capitalizations:* | | Target UPB: | | New Maturity Date: | |
| Interest: | | *Achieving 25% P&I Reduction* | | New Remaining Term: | |
| Escrow Shortage: | | | | New Interest Rate: | |
| Legal Fees/Costs: | | Modified UPB: | | New P&I: | |
| *Reductions:* | | Difference: | | New T&I-Escrow Analysis: | |
| Escrow Overage: | | | | New Total Payment: | |
| Suspense: | $0.00 | Maximum Claim Amount: | $29,051.95 | % P&I Change: | |
| Net Capitalization: | | | | P&I Change: | |
| Less PC for Arrears: | | New Modified UPB: | | | |
| Post PC Capitalization: | | | | **Claim Information** | |
| Modified UPB: | | | | Total Claim Amount: | $29,051.95 |

## Summary Of Approved Option

**Stand Alone Partial Claim is Approved**